IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| COREY LEON BUSBY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:13-cv-1322-TC |
| | ) | |
| v. | ) | FINDINGS & RECOMMENDATION |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for supplemental security income benefits. Plaintiff seeks a reversal and remand  for further proceedings.

The ALJ determined that plaintiff had the following severe impairments: seizure disorder, depression, attention deficit hyperactivity disorder, social anxiety, antisocial personality disorder, and degenerative changes in the cervical spine.

1 - FINDINGS & RECOMMENDATION

The ALJ found that plaintiff had the residual functional capacity (RFC) to perform light work with the following additional limitations: he could occasionally crouch and crawl, occasionally climb ladders, ropes and scaffolds, frequently climb ramps and stairs, and frequently balance, stoop, and kneel. Plaintiff was also limited to performing unskilled work and routine tasks involving no interaction with the public and superficial interactions with coworkers with no close cooperation or coordination.

Between 1990 and 2006 (excluding 2003, 2004 and 2005 during which there is no record of employment) plaintiff worked at approximately 45 jobs, all of short duration. The longest job he held was for three months and he was either fired or quit each job. None of his jobs were performed at the substantial gainful activity level. He has not worked since 2006.

At step four, the ALJ found that plaintiff had no past relevant work. However, at step five, the ALJ determined plaintiff could perform other work including hand packager, laundry sorter, and label ticketer.

The ALJ utilized a vocational expert (VE) who initially testified that plaintiff could perform the aforementioned jobs. Plaintiff's attorney then asked the VE:

> ATTY: I think you testified that you had an
> opportunity to review claimant's work history
> that he provided.
> VE: I did.

2 - FINDINGS & RECOMMENDATION

> ATTY: And I believe you commented on the
> number of jobs yourself. What would the number
> of jobs that he had indicate to you about the
> his ability to sustain employment?
> ALJ: I don't know if she is really qualified
> to draw those conclusions.
> VE:. Well —
> ALJ: Well, give it a try if you want.
> VE: I'd make a comment on it.  Certainly when
> I review an earning record like that, it would
> raise -it raises questions as why an
> individual wouldn't be able to sustain that.

Tr. 53-54.

Defendant contends that even considering plaintiff's work experience, the VE stated that plaintiff could work.  As for the VE's testimony regarding past work sustainability that she made after her initial assessment , defendant states that the ALJ explained during the hearing that the VE was not qualified to make a determination on the issue of whether plaintiff, despite his impairments, could engage in work activity on a regular and continuing basis.  However, what the ALJ said at the hearing was "I don't know if she is really qualified to reach those conclusions." Id. Defendant states that the ALJ is responsible for determining the RFC and considered all evidence when doing so.  Defendant also argues that , regardless, the VE's "ambiguous and inconclusive" statement that the earnings record "raises questions" is not probative evidence that demonstrates plaintiff was unable to sustain employment,  and that an ALJ must provide an explanation only when she rejects significant probative evidence.

It is indeed unclear and ambiguous whether the VE considered plaintiff's work history in her initial answer, as the ALJ just told her to assume no past relevant past work. Such is potentially probative evidence, especially when it is considered that plaintiff gets into arguments with coworkers and supervisors and, for example, once threw a hammer at a coworker, and was also convicted of assault.

The RFC assessment must be based on all of the relevant evidence in the record including "evidence from attempts to work." SSR 96-8p. Here the record contains employment history showing a lengthy history of plaintiff's apparent inability to perform substantial gainful activity level work on a sustained basis. The ALJ's opinion is totally silent on this evidence even though it was brought up by plaintiff's counsel during examination of the VE, questioned by the VE, and SSR 96-8 requires the RFC to be based on all relevant evidence from attempts to work. Courts have reversed ALJ decisions that failed to adequately consider unsuccessful work attempts in assessing a claimants RFC, see, e.g., Kilinski ex rel. v. Astrue, 430 Fed Appx. 732, 738 (10th Cir. 2011); Reider v. Apfel, 115 F. Supp. 2d 496, 505 (M.D. Pa. 2000).

Accordingly, plaintiff's request for further proceedings should be allowed as follows. Upon remand, the ALJ shall perform a new sequential analysis. The ALJ shall focus on plaintiff's ability to sustain employment and can elicit additional evidence

from plaintiff and his medical sources as the ALJ sees fit.   The
ability to sustain employment shall be expressly addressed in the
ALJ's opinion.

<u>CONCLUSION</u>

The decision of the Commissioner  should be reversed and this
action should be  remanded for further proceedings pursuant to
sentence four of 42 U.S.C. §405(g).

DATED this _____ day of October, 2014.

_____
THOMAS M. COFFIN
United States Magistrate Judge